Peters, P.J.
 

 Appeal from an order of the Court of Claims (Schaewe, J.), entered April 21, 2016, which partially denied defendant’s motion for summary judgment dismissing the claim.
 

 The underlying facts of this case are set forth in greater detail in our decision in Feeney v County of Delaware (150 AD3d 1355 [2017]). In July 2011, Christopher Lacey was transported by ambulance to a hospital following a violent domestic dispute with his girlfriend. Upon his arrival, Lacey, who was uncooperative and belligerent, was brought to an examination room and handcuffed to the hospital bed by State Trooper Alan Begeal, one of the law enforcement officers who had initially responded to the domestic dispute. Once Lacey calmed down, Begeal left the examination room while claimant Michael J. Feeney, the physician assistant on duty, began treating Lacey. While doing so, Lacey allegedly kicked Feeney and knocked him to the ground, causing him to sustain injuries.
 

 Feeney and his wife, derivatively, thereafter commenced an action against Begeal, among others, in Supreme Court, alleging that Begeal was negligent in failing to restrain Lacey’s legs and leaving Lacey in the examination room with Feeney without providing any supervision. Claimants also commenced this separate action against defendant in the Court of Claims seeking damages for Begeal’s alleged negligence. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the instant claim on the grounds that Begeal owed no special duty to Feeney and, in any event, Begeal was immune from liability because his actions were discretionary in nature. The Court of Claims partially granted defendant’s motion, concluding that, although triable issues of fact exist as to whether Begeal assumed a special duty to protect Feeney, defendant established as a matter of law that Begeal’s discretionary act of not restraining Lacey’s legs was protected by governmental immunity. The court otherwise denied the motion, finding that defendant failed to meet its prima facie burden of demonstrating the applicability of the immunity defense to Begeal’s act of leaving Lacey unattended with Feeney. This appeal by defendant ensued.
 

 For the reasons stated in Feeney v County of Delaware (supra) with regard to Begeal, we agree with defendant that it was entitled to summary judgment dismissing the entirety of the claim on the basis of governmental immunity. Defendant’s remaining arguments have been rendered academic by our determination.
 

 Garry, Rose, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant’s motion; motion granted in its entirety, summary judgment awarded to defendant and claim dismissed; and, as so modified, affirmed.